IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY MCGLAUTHING,                      )
                                        )   2:11-cv-02522-GEB
                    Appellant,          )
                                        )
          v.                            )   ORDER
                                        )
EDUCATION CREDIT MANAGEMENT             )
CORPORATION,                            )
                                        )
                    Appellee.           )
_____        )

     On September 26, 2011, Appellant, proceeding pro se, filed an appeal from the bankruptcy court's order excepting from discharge Appellant's educational loan. (ECF No. 1.) On January 30, 2012, Appellant filed a "Notice Appeal is Ready for Oral Argument". (ECF No. 13.) However, Appellant did not file the excerpts of record, and on February 3, 2012, this Court issued an order warning Appellant that his appeal would be dismissed if the excerpts of record were not filed on or before February 13, 2012. (ECF No. 14.)

     On February 7, 2012, Appellant filed a document in response to the Court's order, arguing "[Appellant] is an [u]nrepresented litigant in this case, and is exempt [from filing excerpts of record] pursuant to Circuit Rule 30-1.2." (ECF No. 15.) However, Circuit Rule 30-1.2 does not apply in the district courts. Rather, the Circuit Rules "govern procedure in the United States courts of appeals. . . . When these rules provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court." Fed. R. App. P. 1(a).

The briefing schedule instructed as follows: "the appellant's opening brief and excerpts of record are due, filed in the district court, within fourteen (14) days, of the above date." (ECF No. 5.) Further, the briefing schedule stated "[t]he parties are expected to include copies of all relevant parts of the record in their excerpts." Id.; see also Fed. R. Bankr. P. 8009(b) ("[T]he appellant shall serve and file with the appellant's brief excerpts of the record as an appendix . . . ."); Fed. R. Bankr. P. 8006 ("Within 14 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.").

"In determining whether to dismiss an appeal on such grounds, a district court must consider (1) alternative measures in lieu of dismissal, and (2) whether the conduct giving rise to the dismissal was caused entirely by the party's attorney." Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir. 1988) (applying this standard to an appellant who failed to make a timely written request for a transcript.). Here, the conduct was not caused by an attorney since Appellant is proceeding pro se, and this Court, in addition to explicitly enumerating Appellant's filing responsibilities in its briefing schedule, has "warned [A]ppellant that if he did not comply with the court's schedule, his appeal would be subject to dismissal." Id.

Therefore, since the excerpts of record were not filed on or before February 13, 2012, the appeal is dismissed.

Dated:  February 16, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge